DI MENNA CONST. CO. v. ANCHOR POST IRON WORKS.

(Supreme Court, Appellate Term, First Department.   June 10, 1915.)

CONTRACTS ⟨KEY⟩284—PERFORMANCE OF CONTRACT—APPROVAL BY ARCHITECT— VALIDITY OF AGREEMENT.

A provision in a contract that the work should be done to the satisfaction of an architect, and that his decision should be final, was valid 'and enforceable, and, though his decision might be impeached for fraud and bad faith, it was error, in an action for work which was not satisfactory to the architect and was ordered removed by him, to submit the question as to whether the work was properly done.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. ⟨KEY⟩284.]

Appeal from City Court of New York, Trial Term.

Action by the Di Menna Construction Company against the Anchor Post Iron Works. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Everett, Clarke & Benedict, of New York City, for appellant.

Olcott, Gruber, Bonynge & McManus, of New York City (Terence J. McManus, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff entered into a subcontract to perform certain concrete work for the defendant in accordance with a contract which the defendant had with the park department. Under that contract it was provided that the decision of the architect of the department should be final and conclusive, and that the work should be done

to the satisfaction of the architect, and work not done to the satisfaction of the architect should be made good by the contractor. It appears that on April 1st the defendant received notice from the architect that the work done by the plaintiff was unsatisfactory and must be removed. The defendant then terminated the plaintiff's contract and removed the work, as ordered by the architect. Thereafter the plaintiff brought this action, and the defendant set up the failure of the plaintiff to perform the work in accordance with the specifications of the park department, and the rejection by the engineer in charge, as a defense and also as a counterclaim. The reply did not set up any fraud or bad faith on the part of the architect or engineer, but merely denies knowledge or information sufficient to form a belief as to these allegations.

At the close of the case the trial judge submitted to the jury only one question of fact, stating:

"You have a very concise question of fact presented to you as to whether the work was properly done or not; that is practically the whole question in this case."

Under the contract made between the parties, the question of whether the work was properly done or not was not a question for the jury, but for the architect to decide. The parties by their contract had provided that his decision was to be "final and conclusive," and the courts have in all cases held that such provisions are valid and enforceable, and the trial judge should have so charged. It is true, of course, that even a final and conclusive decision may be impeached for fraud and bad faith, and there is, I think, some evidence that the engineer or architect in this case did act in bad faith; but, even if such an issue could be raised under the present pleading in this case, it was never submitted to the jury.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.